■ FRANK RUSKA, Respondent, v VERONICA PEREZ et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hentel, J.), dated October 3, 1988, as, upon reargument, adhered to its prior determination in an order dated January 28, 1988, denying their motion to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises from a hit-and-run motor vehicle accident in which the plaintiff was a passenger in an automobile driven by the defendant Aedulhi Tokhi, and owned by the defendant Veronica Perez. The plaintiff submitted a claim under the uninsured motorist provision of Perez's insurance policy. After an unrecorded hearing in which the plaintiff testified and submitted medical evidence, the arbitrator denied the claim without giving any explanation for the denial. By judgment dated May 13, 1988, Justice Kassoff dismissed the plaintiff's petition to vacate the award, and granted the cross petition to confirm the award. (We speak of an "award" even though, as we indicated, the arbitrator denied the claim. The word "award" is used in the statute [see, CPLR 7511 et seq.] and refers to an award in the more commonly understood sense as well as an award in which the claim is denied, much the same as awarding judgment to a defendant in a civil suit.) No appeal was taken from that judgment.

Following the arbitrator's adverse determination, the plaintiff instituted the instant action alleging that he sustained serious personal injury in the automobile accident as a result of the defendants' negligence. The defendants maintain that at the hearing the plaintiff placed the blame for the accident on the unidentified driver of the hit-and-run automobile, and that because the arbitrator denied the claim it was necessarily and conclusively established that the plaintiff did not sustain a serious injury (see, Insurance Law § 5102).

The defendants therefore maintain that the plaintiff's action is precluded as a result of collateral estoppel. The party seeking the benefit of collateral estoppel has the burden of

demonstrating the identity of the issues in the present litigation and the prior determination *(see, Kaufman v Lilly & Co.,* 65 NY2d 449, 456). The defendants urge that the only possible basis for the arbitrator's determination in denying the plaintiff's uninsured motorist claim was that he did not sustain a serious injury *(see,* Insurance Law § 5102).

We cannot divine the basis for the arbitrator's decision, for which no one sought clarification. Thus, we cannot rule out the possibility that the arbitrator found that the defendants were at fault, nor can we conclude that the issue of serious injury was necessarily determined in the arbitration proceeding. Accordingly, we find that the defendants failed to sustain their burden of proof in order to warrant the invocation of the doctrine of collateral estoppel. Rubin, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.